UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA

            -vs -                            Case No.  5:16-CR-70 (BKS)

DANIEL BEAL

                              Defendant.

---------------------------------------------------------------

<u>REPLY TO UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE</u>

The Defendant, Daniel Beal, by his attorney George F. Hildebrandt, submits the following reply to the United States' Response to Defendant's Motion to Suppress Evidence dated May 2, 2016 (the "Govt.'s Resp."), and in support of the relief requested in the Defendant's motions [Docket no. 32].

MOTION TO SUPPRESS PHYSICAL EVIDENCE
AND FRUITS OF UNLAWFUL SEARCH

The government argues that the search warrant's lack of particularity authorizing the search of computers and electronic devices at Mr. Beal's business is remedied because the agent applying for the warrant requested authority to search them in her affidavit, which, in the government's words, "was attached to the Search Warrant." Govt.'s Resp., p. 4. As noted in the Defendant's motion (Def.'s Mem., p. 3), however, the request was <u>not</u> made in the agent's <u>application</u> for the warrant. See Def.'s Mem., Ex. A, p. 3. Moreover, the government

fails to articulate what it means when it says the affidavit was "attached" to the warrant; there is no indication – either by affidavit from the agents involved in the search or from the face of the warrant – that the affidavit was physically attached to the warrant at the time of the search. I note that the warrant application was apparently sealed and could not have accompanied the warrant[1]. In any case, as the Defendant noted in his motion (Def.'s Mem., pp. 3-4), and the government concedes in its response (Govt.'s Resp., p. 9), because the affidavit was not incorporated in the warrant, consideration of its contents is irrelevant to issue of the validity of the search. As the Supreme Court has observed:

> "The presence of a search warrant serves a high function, and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection. We do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant. But in this case the warrant did not incorporate other documents by reference, nor did either the affidavit or the application (which had been placed under seal) accompany the warrant. Hence, we need not further explore the matter of incorporation." *Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004)(quotations and citations omitted).

The government seeks to relegate the warrant's infirmities to an insignificant role, characterizing its failings as having merely placed the objects it wanted to search in "Attachment B, … rather than Attachment A." Govt.'s Resp., p. 10. The Supreme Court's

---

[1] The warrant and supporting documents were unsealed in response to inquiry by the Court following the filing of the Defendant's motion, to which the warrant and supporting documents were attached. *See* Case no. 5:15-MJ-273 (ATB), Doc. no. 12.

opinion in *Groh*, involving a warrant with analogous deficiencies[2], however, makes clear that such an error cannot be passed off so lightly:

> "[i]t is incumbent on the officer executing a search warrant to ensure the search is lawfully authorized and lawfully conducted….Petitioner mischaracterizes the court's decision [below] when he contends that it imposed a novel proofreading requirement on officers executing warrants. The court held that officers leading a search team must 'mak[e] sure that they have a proper warrant that in fact authorizes the search and seizure they are about to conduct.' That is not a duty to proofread; it is, rather, a duty to ensure that the warrant conforms to constitutional requirements." *Groh*, 540 U.S. at 563, n. 6 (2004)

The importance of the Fourth Amendment's particularity requirement is especially relevant in the instant case. The particularity requirement does not serve solely to prevent general searches. Rather, "[a] particular warrant also assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *Groh*, 540 U.S. at 561. Although the agent may have known what she intended to search when she sought the warrant and to limit the search to those items, the warrant in this case did not provide that limitation to the search team relying on it, or advise Mr. Beal and his business partner of those limits.

The government also argues that even if the warrant fails to authorize the seizure and search of the Defendant's electronic devices, suppression is not an appropriate remedy "because the Agents acted in 'good-faith reliance" on the warrant." Govt.'s Resp., p. 15. That argument, however, merits little discussion. If the search was invalid, it was because the

---

[2] *See Groh*, 540 U.S. at 554 ("Although the application particularly described the place to be searched and the contraband petitioner expected to find, the warrant itself was less specific; it failed to identify any of the items that petitioner intended to seize. In the portion of the form that called for a description of the 'person or property' to be seized, petitioner typed a description of respondents' two-story blue house rather than the alleged stockpile of firearms.")

search of the Defendant's electronic devices was wholly outside the scope of the warrant. Such evidence must be suppressed. *United States v. Livingston*, 106 F.3d 410 (9th Cir. 1997)(When a search exceeds the scope of the authorizing warrant the evidence discovered must be suppressed).

Accordingly, the Court should grant the relief requested in the Defendant's motion.

### MOTION TO SUPPRESS STATEMENTS AND DERIVATIVE EVIDENCE BECAUSE OF MIRANDA VIOLATION

The government's response raises only a factual/evidentiary dispute. The Court has scheduled a hearing to address the issues on June 8, 2016 at 1:30 p.m. Accordingly, there do not appear to be any issues to address in a reply at this time.

### CONCLUSION

Wherefore, the Defendant requests an order of this Court in accordance with the above.

Dated: May 9, 2016

Respectfully submitted,

s/*George F. Hildebrandt*

George F. Hildebrandt
Attorney for Defendant
Bar Roll No. 505664
300 Crown Building
304 South Franklin Street
Syracuse, New York  13202
Tel. (315) 422-4742